CAROLINA CORONA, ESQ.
Florida Bar No.: 645222
CORONA LAW FIRM P.A.
6700 SW 38th Street
Miami, Florida 33155
carolina@coronapa.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ELMER OMAR MEJIA FLORES,**

       Petitioner,

Case No. 26-cv-24457

v.

**MARKWAYNE MULLIN,** in his official
capacity a**s** Secretary of the Department of
Homeland Security, et al.,

       Respondents,

_____/

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**I. INTRODUCTION**

ELMER OMAR MEJIA FLORES, (hereinafter "Petitioner"), by and through undersigned counsel hereby files this motion for temporary restraining order to facilitate Petitioner's return to the United States after he was unlawfully removed and enjoin Respondents from re-detaining Petitioner upon his entry to the United States.  Petitioner entered the United States on or about January 20, 1997. Petitioner was subsequently placed in proceedings and granted Voluntary Departure on or about October 8, 1997. Pursuant to the Order of Voluntary departure, Petitioner was to depart the United States on or about November 7, 1997. Petitioner applied for and was

granted Temporary Protected Status (hereinafter "TPS"). Petitioner left the United States after the expiration of the period allowed in the Order granting Voluntary Departure.

Petitioner returned to the United States in 2007. On or about September 8, 2023, Petitioner filed Form I-360 under VAWA as a VAWA self-Petitioning parent of a U.S.C. or LPR. Petitioner also filed a Form I-485, Petition to Adjust or Register Permanent Residency, form I-212, Application to Reapply for Admission after Deportation or Removal, and form I-601, Application for Waiver of Grounds of Inadmissibility. On or about December 15, 2025, Petitioner received an extension of the prima facie eligibility of which remained valid until June 13, 2026. The notice further stated that USCIS did not expect to issue a final decision before the expiration of the 180-day period and that Petitioner would automatically receive an extension if the period approached expiration without a decision. On or about June 2, 2026, Petitioner received another prima facie determination with an expiration date of November 29, 2026. (See Exhibit 2, Notice of Prima Facie Determination). While waiting for the pending applications, Petitioner had a valid work permit, worked an honest job landscaping, had opened a business with his wife, and paid taxes.

However, on April 16, 2026, Petitioner was detained without a warrant, impromptu and in a public area, and promptly transferred to Broward Transitional Center (hereinafter "BTC"). At the time of Petitioner's arrest, he was not subject to any outstanding warrants, was not partaking in any unlawful activity nor was he subject to an investigation. Petitioner filed a stay of removal on or about April 21, 2026 with ICE. [Doc. 1 at ¶ 6; 28]. Petitioner also submitted requests for expedited removal of which U.S. Citizenship and Immigration Services received on or about May 11, 2026. Petitioner was promptly removed on or about May 13, 2026 to Honduras. To date, Petitioner has not received any decision on the Stay of Order of Removal. On or about June 16, 2026, Petitioner's expedited request was granted in relation to his I-360 and I-485 as he received

a notice to take his biometrics set for June 29, 2026 at 8AM and transfer notices to "speed up processing."

Due to his unlawful removal, Petitioner's due process rights were violated in relation to the pending applications for relief he had pending prior to his removal from the United States. Additionally, due to the unlawful removal, Petitioner was unable to go to his biometrics' appointment and has sought for the appointment to be rescheduled. If Petitioner does not attend this appointment "USCIS will consider your benefits request abandoned and it may be denied." [Doc. 1, Pet. Exh. B]. Petitioner has filed a complaint for Injunctive and Declaratory relief and APA relief due to his unlawful removal and entitled for relief as class member of *Immigration Center for Women and Children v. Noem*, Case No. 2:25-cv-09848-AB-AS, (C.D. Cal. May 20, 2026). As such, Petitioner is in need of an Order compelling Respondents to facilitate Petitioner's return to the United States, temporarily enjoining Respondents from barring his re-entry to the United States, and seeking that upon Respondent's return, he will be entitled to the status quo, including all the rights and benefits he had as if the May 13, 2026 removal never occurred.

## II. ARGUMENT

A temporary restraining order is governed by a four-factor test. Courts must consider whether a petitioner has shown: (1) a likelihood of success on the merits, (2) that he is likely to suffer irreparable harm in the absence of such relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); see also *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). If a plaintiff can demonstrate serious questions going to the merits of his claim – a lesser showing than a likelihood of success on the merits – and the balance of hardship tips sharply in his favor, an injunction may be issued, assuming the other two Winter factors have been met. *Friends of the Wild Swan*, 767 F.3d at 942. A district court may consider "the parties' pleadings, declarations,

affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty Sheriff's Dep't,* 745 F. Supp 3d 1037, 1048 (C.D. Cal. 2024).

### A. Petitioner is likely to Succeed on the Merits of his Claims.

Petitioner's unlawful removal, abruptly terminated all benefits pertaining to the pending I-485, Application to Register or Adjust Permanent status and Prima Facie determination of the I-360 (as a self-petitioner under VAWA), violated his due process rights and constituted a violation of the Administrative Procedure Acts ("APA"). The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. Noncitizens physically present in the United States, including those who entered without inspection, are "persons" within the meaning of the Fifth Amendment and entitled to full procedural due process protections. *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001); *Landon v. Plasencia,* 459 U.S. 21, 32 (1982). No reasons to date have been given as to why there was no decision on the Request for Stay of Removal filed by Petitioner. Further it appears that adjudications on the matters *must* take place as just recently the Board of Immigration of Appeals ("BIA") entered a decision compelling Respondents to file the request to stay pursuant to 8 C.F.R. § 241.6 (2026) prior to requesting a stay with the BIA. *Matter of Herrera-Nunez,* 29 I&N Dec. 691 (BIA 2026). By deporting Petitioner without having his request for stay heard, his pending I-485 was effectively terminated, his work authorization card was terminated, the prima facie determination on the Form I-360 were revoked, as well as the fact that Petitioner may have to start anew with a I-601, despite previously having one pending since 2023.

The Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. § 706(2), requires courts to "hold unlawful and set aside" agency action that is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law. An agency acts arbitrarily and capriciously when it fails

to examine relevant factors, ignores important aspects of the problem, departs from settled practice without reasoned relevant factors, ignores important aspects of the problem, departs from settled practice without reasoned explanation, or treats discretion as categorically unavailable where Congress has not so provided. *Judulang v. Holder,* 565 U.S. 42, 53-55 (2011). While under the *Accardi* doctrine, federal agencies are required to follow their own binding regulations, and failure to do so renders resulting agency action unlawful. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974). Given Petitioner's abrupt removal without an adjudication on the request for stay of removal to afford him an opportunity to be heard prior to the removal of all the benefits he had prior to his unlawful removal, as well as the benefits as a class member under *Immigration Center for Women and Children v. Noem*, Case No. 2:25-cv-09848-AB-AS, (C.D. Cal. May 20, 2026), Petitioner is likely to succeed on the merits of his claim.

### B. Petitioner is likely to suffer irreparable harm in the absence of such relief.

Deprivation of a constitutional right "unquestionably constitutes irreparable injury." *Melendres v. Arpaio,* 695 F. 3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)). Where the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford,* 418 F. 3d 989, 1001-02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed 2004)). If a plaintiff in a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation. *Baird v. Bonta,* 81 F. 4th 1036, 1040 (9th Cir. 2023).

In this case Petitioner will suffer irreparable harm in the absence of a temporary restraining order authorizing his prompt return and returning Petitioner's status quo prior to the unlawful

removal. Petitioner's benefits that were stripped from him are those afforded to victims by USCIS under the Violence Against Women Act ("VAWA"). He was a self-petitioner with a pending application to adjust status. Petitioner was running a business with his USC spouse, was earning income, and was filing taxes. Further, Petitioner's stay of removal contained a declaration from Petitioner's wife, depicting the suffering she would go through if her husband were abruptly removed from the United States. (See exhibit 2, Declaration from USC Wife attached to Petitioner's request for stay of removal). Separation from family members and potential economic hardship have both been held to constitute irreparable harm. *Andreiu v. Ashcroft,* 253 F. 3d 477, 484 (9th Cir. 2001). As such, the second factor weights in favor of Petitioner as his hardship is severe.

### C. Petitioner's equities tips in his favor for a temporary restraining Order and a grant of injunction is in the public's interest.

The balance of equities and the public interest favor the issuance of a temporary restraining order in the instant matter. The government "cannot suffer harm from an injunction that merely ends unlawful practice." *Rodriguez v. Robbins,* 715 F. 3d 1127, 1145 (9th Cir. 2013). Moreover, any interest the government may have in promptly executing removal orders does not permit agencies to act unlawfully even in pursuit of desirable ends. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.,* 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 582 (1952)). As noted above, the hardship for Petitioner is severe. He has already been in the United States for over fifteen years, was legally working, with no criminal history, and had a pending application to adjust permanent residency. Further, USCIS transferred his applications for "faster processing" of which Petitioner has been unable to attend the biometrics' appointment due to Respondent's unlawful removal. As such, the last two facts weigh in favorable to Petitioner's end.

### III. **CONCLUSION**

For the foregoing reasons, Petitioner respectfully submits that he has met the criteria for a temporary restraining order. He asks the Court to enter an Order compelling Respondents to facilitate Petitioner's return to the United States, temporarily enjoining Respondents from barring his re-entry to the United States, and seeking that upon Respondent's return, he will be entitled to the status quo, including all the rights and benefits he had as if the May 13, 2026 removal never occurred.

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I filed the foregoing Motion for Temporary Restraining Order electronically through the CM/ECF system which caused all parties or counsel to be served electronically means as more fully reflected on the Notice of Electronic filing.

Dated this 29 day of June, 2026.

*/s/Carolina Corona*
Ricardo R. Corona, Esq.
Florida Bar No.: 111333
Carolina Corona, Esq.
Florida Bar No.: 645222
Zamir Cruz, Esq.
Florida Bar No.:99737
Corona Law Firm P.A.
6700 SW 38th Street
Miami, Florida 33155
Primary e-mail: carolina@coronapa.com
Secondary e-mail: rcorona@coronapa.com
Tertiary e-mail: zcruz@coronapa.com