**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-24457-MOORE/Elfenbein

**ELMER OMAR MEJIA FLORES**,

     Plaintiff,

v.

**SECRETARY MARKWAYNE MULLIN**,
*in his official capacity as Attorney General*
*of the United States*, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court on Plaintiff Elmer Omar Mejia Flores's ("Plaintiff") Motion for Temporary Restraining Order (the "Motion"), ECF No. [5]. Plaintiff seeks relief against Defendants Markwayne Mullin, Secretary of the Department of Homeland Security ("Mullin"); Todd Blanche, Attorney General of the United States ("Blanche"); Todd M. Lyons, Acting Director and Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement ("Lyons"); Garrett J. Ripa, Field Officer Director of the Miami Field Office and Customs Enforcement and Enforcement and Removal Operations ("Ripa"); and Joseph B. Edlow, Director of the United States Citizenship and Immigration Services ("Edlow" and collectively "Defendants") in their official capacities.

The Honorable K. Michael Moore referred this case to me to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [6]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [5]**, be **DENIED without prejudice** for

failure to comply with Federal Rule of Civil Procedure 65(b).

## I.   BACKGROUND

In the Complaint, Plaintiff states immigration claims under the Administrative Procedures Act, 5 U.S.C. §§ 702, 706(2)(A); the *Acardi Doctrine*; the Fourth Amendment, and the Fifth Amendment.  *See* ECF No. [1] at ¶¶ 55-57, 69-70; 74-75; 84-88; 95-97.  In the Motion, Plaintiff explains that he arrived in the United States around January 20, 1997; was granted Voluntary Departure around October 8, 1997, was required to leave the country by November 7, 1997, but he then gained Temporary Protected Status and returned to the United States in 2007.  *See* ECF No. [5] at 2.  Around September 8, 2023, he filed a Petition to Adjust or Register Permanent Residency (Form I-485); an Application to Reapply for Admission after Deportation or Removal (Form I-212); and an Application for Waiver of Grounds of Inadmissibility (Form I-601).  *See id*. He also filed a Form I-360 Petition under the Violence Against Women Act ("VAWA") as a "VAWA Self-Petitioning parent of a U.S.C. or LPR."  *See id*.  Though it is unclear which of the petitions he is referencing in the Motion, Plaintiff indicates that he received a *prima facie* extension of eligibility twice from USCIS, with the second extension expiring on November 29, 2026.  *See id*.; *see also* ECF No. [5-1].[1]

Plaintiff was detained on April 16, 2026 without a warrant and while these immigration petitions were pending.  *See id*. at 2.  He filed a Stay of Removal and submitted requests for expedited removal before ultimately being deported to Honduras around May 13, 2026.  *See id*. Plaintiff notes that the Stay of Removal remained pending as of the date of the Motion.  *See id*.

---

[1] While ECF No. [5-1] indicates that the *prima facie* determination is related to the case for classification under the self-petitioning provisions of the VAWA, it is unclear if the prior *prima facie* extension is related to it as well.

Plaintiff further indicates that on June 16, 2026, USCIS granted an expedited request related to his "[Form] I-360 and [Form] I-485" Petitions because he received a notice scheduling a biometrics appointment on June 29, 2026 and "transfer notices to 'speed up processing.'" *See id*. at 2-3. Plaintiff asserts that his due process rights were violated because he was deported while his immigration petitions were pending. *See id*. at 3. He contends he was unable to attend the biometrics appointment because of his removal and requested a rescheduled appointment to prevent USCIS from deeming the petitions abandoned and denying benefits as a result. *See id*.

Because of this, Plaintiff filed the Motion on June 29, 2026, seeking an order to compel Defendants to "facilitate [his] return to the United States, temporarily enjoining [Defendants] from barring his re-entry to the United States, and seeking that upon Respondent's[2] return, he . . . be entitled to the status quo, including all the rights and benefits he had as if the May 13, 2026, removal never occurred." *See id*. at 3. Plaintiff argues that he meets all four temporary restraining order ("TRO") requirements. *See id*. at 4-5. First, he asserts that his due process and Administrative Procedures Act violations claims are likely to succeed on the merits. *See id*. at 5. Second, he contends that he will suffer irreparable harm absent a TRO allowing him to return to the United States and the pre-removal status quo because the benefits he lost are those that USCIS grants to victims under the VAWA. *See id*. at 5. He also asserts that "[s]eparation from family members and potential economic hardship have both been held to constitute irreparable harm." *See id*. at 6. Finally, Plaintiff argues that the balance of equities and public interest favor issuing the TRO here because the government purportedly acted unlawfully; the hardship for Plaintiff is severe; the government cannot suffer from an injunction ending an unlawful practice; and he has

---

[2] This appears to be a typographical error. The Court surmises this was intended to reference Plaintiff, not Respondents/Defendants.

been unable to attend the USCIS biometrics appointment because of the removal, despite USCIS transferring his applications for faster processing. *See id.* at 6-7.

At the time he filed the Motion, Plaintiff had not served Defendants. The certificate of service in the Motion indicates that the filing occurred via CM/ECF, "which caused all parties or counsel to be served [by] electronic[] means as more fully reflected on the Notice of Electronic filing." *See id.* at 8. While the docket reflects that Plaintiffs served only Mullin, Blanche, and Lyons via mail on July 14 and 15 — more than two weeks after he filed the Motion, *see* ECF No. [7], it is unclear whether Plaintiff served them with a copy of the Summons, Complaint, the Motion or any combination of these filings. And, at most, only three of five Defendants have received any sort of notice of these proceedings. No Defendant has appeared in the case yet, and there is no indication on the docket that Plaintiff served the Motion on any Defendant. For the reasons explained below, the Motion fails to satisfy Federal Rule of Civil Procedure 65(b)(1)'s stringent requirements. The Motion should, therefore, be denied without prejudice.

## II.  Legal Standards

From a procedural standpoint, to issue a TRO without notice to the opposing party, Federal Rule of Civil Procedure 65(b) requires the following:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

From a merits standpoint, "[t]o be entitled to a TRO, a movant must show: (1) a substantial

likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo*, 403 F.3d at 1231.  This kind of relief "is an extraordinary and drastic remedy and is not to be granted unless the movant clearly established the burden of persuasion as to the four prerequisites." *See id.* (quotation marks omitted).  As further explained below, this Report and Recommendations addresses the procedural deficiencies of the Motion, so the Court does not further address the legal requirements to succeed on the merits here.

## III.    DISCUSSION

While Plaintiff asserts that he meets all four TRO requirements, the Court is unable to render a decision on the merits. This is because Plaintiff filed the Motion before serving any Defendant, so the Motion is a request for a TRO without notice, meaning he seeks relief in the form of a TRO on an *ex parte* basis. *See Fox v. Stanford*, No. 23-CV-00441-MW-MAF, 2023 WL 9743733, *2 (N.D. Fla. Dec. 28, 2023), *report and recommendation adopted*, No. 23-CV-441-MW/MAF, 2024 WL 691367 (N.D. Fla. Feb. 20, 2024); *see also Mahone v. Exeter Fin. LLC*, No. 25-CV-05318-JPB, 2025 WL 3567273, *1 (N.D. Ga. Oct. 8, 2025) (explaining that motion for TRO was *ex parte* where defendants had not yet appeared in the case).  When analyzing *ex parte* TRO requests, the  threshold inquiry is whether the moving party has satisfied the requirements of Rule 65(b)(1).  *See Emerging Vision, Inc. v. Glachman*, No. 10-CV-80734, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, No. 10-CV-80734, 2010 WL

3293351 (S.D. Fla. Aug. 11, 2010) ("Before addressing whether Plaintiffs have met this four-prong showing, however, the Court must first consider whether Plaintiffs have shown adequate justification for failing to give notice to the Defendants.").

As explained above, Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice only when (1) specific facts in an affidavit or verified complaint indicate clearly that "immediate and irreparable injury, loss, or damage will result to the movant" before the opposing side can present its arguments, and (2) the attorney for the moving party provides a written certification of "any efforts made to give notice and the reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). Indeed, the moving party must "strictly comply with these requirements" as they "'are not mere technicalities, but establish minimum due process.'" *Emerging Vision*, 2010 WL 3293346, at *3 (quoting *Thompson v. Ramirez,* 597 F. Supp. 726, 726 (D.P.R. 1984)). The requirements of Rule 65(b)(1) recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Id.* (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 438–39 (1974)). And in particular, such scrutiny is necessary in instances where the defendants "'are unaware that judicial proceedings have commenced [against them] and the relief request is drastic.'" *Id.* (quoting *Dent Zone Network, L.L.C. v. Heritage Admin. Co., Inc.,* No. 03–CV–195, 2003 WL 21183706, at *1 (E.D. Tex. May 21, 2003)).

Starting with the first requirement of Rule 65(b)(1), the Complaint is not a verified complaint — Plaintiff includes neither a sworn statement nor a declaration or certification regarding the truth of the factual allegations. Likewise, the Motion is not a verified filing nor does Plaintiff attach an affidavit setting forth specific facts that unambiguously indicate he will suffer "irreparable injury, loss, or damage" before Defendants can present their arguments — indeed he

fails to include an affidavit at all.  *See* Fed. R. Civ. P. 65(b)(1)(A).  While Plaintiff indicates the irreparable harm he will suffer includes losing benefits that USCIS affords victims under the VAWA, the Motion makes no mention of how he may suffer before Defendants have the opportunity to respond to the request for a TRO. *See* ECF No. [1] at ¶83; ECF No. [5] at 3, 5-6. Indeed, Plaintiff has already been deported and the time for his biometrics appointment elapsed by the time he filed the Motion.  *See* ECF No. [1] at ¶33, 37; ECF No. [5] at 2 (explaining that his appointment was on June 29, 2026 at 8 a.m., but Plaintiff filed the Motion on June 29, 2026 at 8:18 p.m.); *see also Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, *2-3 (S.D. Fla. Feb. 13, 2020) (finding *ex parte* TRO application was not warranted where plaintiff did not satisfy Rule 65(b)(1) because it failed to allege injuries "so immediate that they establish irreparable harm to Plaintiff before defendant has an opportunity to be heard."). Accordingly, the Court finds that Plaintiff fails to satisfy Rule 65(b)(1)(A).

Turning to the second requirement of Rule 65(b)(1), the Motion is devoid of *any* efforts Plaintiff has made to provide Defendants with notice of the Motion, let alone a written certification detailing such efforts.  *See* Fed. R. Civ. P. 65(b)(1)(B).  This alone is sufficient to deny the request. *See Xylem, Inc. v. Church*, No. 19-CV-304-T-33TGW, 2019 WL 459144 (M.D. Fla. Feb. 6, 2019) (finding plaintiff's failure to provide information required under Rule 65(b)(1)(B) was fatal to its request for a TRO without notice.).  As explained above, "[t]o obtain *ex parte* relief, a party must strictly comply with these requirements." *See Woodard-CM, LLC v. Sunlord Leisure Prods., Inc.*, No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020) (citation omitted, modification in original).  And as it relates to notice, the usual reasons to proceed without notice is that the opposing side cannot be found, the identity of the opposing side is unknown, or notice will lead to the destruction of evidence.  *See Glob. HTM Promotional Grp., Inc. v. Angel Music*

7

*Grp.*, *LLC*, No. 06-CV-20441, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006) (citation omitted). But this is not the case here.  Plaintiff submitted Summonses for Defendants the same day he filed the Motion, and Defendants are government officials sued in their official capacity, making their identity and location for purposes of service publicly known.  *See* ECF Nos. [3] and [5].  And there is no indication that giving Defendants notice would lead to evidence being destroyed.  Under these circumstances, Plaintiff cannot contend that Defendants cannot be found or that their identity is unknown.  Thus, the Motion also fails to meet Rule 65(b)(1)(B)'s notice requirements.

For these reasons, the Motion fails to satisfy both requirements of Rule 65(b)(1) and should be denied without prejudice.  *See Fairlane Fin. Corp. v. Wealthvest Mktg., Inc.*, No. 12-CV-61956, 2012 WL 12872658 (S.D. Fla. Oct. 3, 2012) (denying motion for TRO without prejudice for failing to meet Rule 65's requirements); *Dragados*, 2020 WL 733037 at * 2 (S.D. Fla. Feb. 13, 2020) (same).

## IV.    CONCLUSION

For the reasons explained above, I respectfully **RECOMMEND** that the Motion, **ECF No. [5]**, be **DENIED without prejudice** for failure to comply with Federal Rule of Civil Procedure 65(b)(1).

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,

794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 23, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record